NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFERY WALLACE,

Plaintiff - Appellant,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant - Appellee.

No. 25-2716

D.C. No.
4:23-cv-00071-JGZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Submitted April 15, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Plaintiff Jeffery Wallace timely appeals from the summary judgment entered

in favor of Defendant Hartford Life and Accident Insurance Company. Defendant

denied long-term disability benefits to Plaintiff, for the period beginning January 4,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2022, under the group benefit plan (Plan) purchased by Plaintiff's former employer. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's selection and application of the standard of review in a case governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Wit v. United Behav. Health, 79 F.4th 1068, 1087 (9th Cir. 2023). We affirm.

1. The district court correctly reviewed for abuse of discretion Defendant's decision to terminate Plaintiff's disability benefits, because the Plan expressly gives Defendant discretionary authority to construe the Plan's terms and to determine eligibility for benefits. Id. In an ERISA case like this one, in which benefits have been denied and judicial review is limited to the administrative record, "a motion for summary judgment is merely the conduit to bring the legal question [concerning abuse of discretion] before the district court[,] and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." Nolan v. Heald Coll., 551 F.3d 1148, 1154 (9th Cir. 2009) (citation and internal quotation marks omitted).

2. Because Defendant is both the administrator and the insurer of the Plan, a structural conflict of interest exists, and review for abuse of discretion is "tempered by skepticism." Abatie v. Alta Health & Life Ins., 458 F.3d 955, 959 (9th Cir. 2006) (en banc). The presence of such a conflict is a factor to consider. Id. at

967–68.  But here, Defendant's decision was supported by the results of a thorough, neutral, and independent review process, so the structural conflict has little weight.  See Metro. Life Ins. v. Glenn, 554 U.S. 105, 117 (2008) (noting that a conflict is less important when a plan administrator "has taken active steps to reduce potential bias and to promote accuracy"); Harlick v. Blue Shield of Cal., 686 F.3d 699, 707 (9th Cir. 2012) (giving as an example the use of a neutral and independent medical review process).

3.  Defendant did not abuse its discretion in determining that Plaintiff failed to meet his burden of proving entitlement to long-term disability benefits beyond January 4, 2022.  The updated medical records that Plaintiff submitted failed to support his continued eligibility for benefits.  Nonetheless, Defendant then developed facts to inform its determination by arranging for an independent medical examination and independent medical analyses of all relevant information. In addition, following receipt of Plaintiff's criticisms, Defendant engaged in a "meaningful dialogue" with Plaintiff, Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 676 (9th Cir. 2011) (citation omitted), and performed a "full and fair" review of its decision to deny benefits, 29 U.S.C. § 1133(2).  Defendant's determination and its lengthy explanation of the reasons for denial were reasonable.  See Salomaa, 642 F.3d at 675–76.

**AFFIRMED.**